**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| PERSONALIZED MEDIA COMMUNICATIONS, LLC<br><br>Plaintiff,<br><br>v.<br><br>TOP VICTORY ELECTRONICS (TAIWAN) CO. LTD., TPV INT'L (USA), INC., ENVISION PERIPHERALS, INC., TOP VICTORY ELECTRONICS (FUJIAN) CO. LTD., TPV ELECTRONICS (FUJIAN) CO. LTD., TPV TECHNOLOGY LTD., HON HAI PRECISION INDUSTRY (TAIWAN) CO., LTD., WISTRON CORP., WISTRON INFOCOMM TECHNOLOGY (TEXAS) CORP., WISTRON INFOCOMM TECHNOLOGY (AMERICA) CORP., and VIZIO, INC.,<br><br>Defendants. | Civil Action No.: 2:15-cv-1206-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Personalized Media Communications, LLC ("PMC"), by and through its attorneys, hereby demands a jury trial and complains of Defendants Top Victory Electronics (Taiwan) Co. Ltd., TPV Int'l (USA), Inc., Envision Peripherals, Inc., Top Victory Electronics (Fujian) Co. Ltd., TPV Electronics (Fujian) Co. Ltd., TPV Technology Ltd. (collectively "TPV"), Hon Hai Precision Industry (Taiwan) Co., Ltd. ("Hon Hai"), Wistron Corp., Wistron InfoComm Technology (Texas) Corp., Wistron InfoComm Technology (America) Corp. (collectively "Wistron"), and Vizio, Inc. ("Vizio") as follows:

1

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*., for infringement by TPV, Hon Hai, Wistron, and Vizio of one or more claims of U.S. Patent Nos. 7,747,217; 7,752,649; 7,752,650; 7,856,649; 8,675,775; and 8,711,885 (collectively referred to as the "Patents-in-Suit").

## PARTIES

2.      Plaintiff PMC is a limited liability company organized and existing under the laws of the State of Texas, having its principal place of business at 14090 Southwest Freeway, Suite 450, Sugar Land, Texas 77478.

3.      On information and belief, Defendant Top Victory Electronics (Taiwan) Co. Ltd. is a corporation organized under the laws of Taiwan with its principal place of business at 10F, No. 230, Liancheng Road, Zhonghe City, Taiwan, Republic of China, and may be served pursuant to letters rogatory.

4.      On information and belief, Defendant TPV Int'l (USA), Inc. is a corporation organized under the laws of California with its principal place of business at 3737 Executive Center Drive, Suite 261, Austin, Texas 78731, and with a registered agent at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

5.      On information and belief, Defendant Envision Peripherals, Inc. is a corporation organized under the laws of California with its principal place of business at 47490 Seabridge Drive, Fremont, California 94538, and with a registered agent at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

6.      On information and belief, Defendant Top Victory Electronics (Fujian) Co. Ltd. is a corporation organized under the laws of the People's Republic of China with its principal place

of business at Shangzheng Yuanhong Road, Fuquing City, Fujian Province, China, and may be served pursuant to the provisions of the Hague Convention.

7.     On information and belief, Defendant TPV Electronics (Fujian) Co. Ltd. is a corporation organized under the laws of the People's Republic of China with its principal place of business at Shangzheng Yuanhong Road, Fuquing City, Fujian Province, China, and may be served pursuant to the provisions of the Hague Convention.

8.     On information and belief, TPV Technology Ltd. is a corporation organized under the laws of Bermuda with its principal place of business at Units 1208-16, 12/F, C-Bons International Center, 108 Wai Yip Street, Kwun Tong, Kowloon, Hong Kong, and may be served pursuant to the provisions of the Hague Convention.

9.     On information and belief, the Defendants identified in paragraphs 3-8 above (collectively, "TPV") are an interrelated group of companies which together comprise one of the world's largest manufacturers of televisions, including for Vizio.

10.     On information and belief, Defendant Hon Hai Precision Industry Co. Ltd. is a corporation organized under the laws of Taiwan with its principal place of business at 2 Zihyou St., Tucheng District, New Taipei City, Taiwan, and with a registered agent at 8801 Fallbrook Dr., Houston, Texas.  Hon Hai maintains numerous offices in the United States, including in Houston, Texas and Fullerton, California.  Hon Hai has registered "Foxconn" as a trademark and operates from time to time under that trademark.  Hon Hai/Foxconn manufactures televisions, among other things, including for Vizio.

11.     On information and belief, Defendant Wistron Corporation is a corporation organized under the laws of Taiwan with its principal place of business at 21F, 88, Sec. 1, Hsin

Tai Wu Rd., Hsichih, New Taipei City, Taiwan, Republic of China, and may be served pursuant to letters rogatory.

12.      On information and belief, Defendant Wistron InfoComm Technology (Texas) Corporation is a corporation organized under the laws of Texas with its principal place of business at 4051 N. Hwy 121, Suite 100, Grapevine, Texas 76051, and with a registered agent at 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Wistron InfoComm (Texas) Corp. is a wholly-owned subsidiary of Wistron Corp.

13.      On information and belief, Defendant Wistron InfoComm Technology (America) Corporation is a corporation organized under the laws of Texas with its principal place of business at 800 Parker Square, Suite 2850, Flower Mound, Texas 75028, and with a registered agent at 211 E. 7th Street, Suite 620, Austin, Texas 78701. Wistron InfoComm Technology (America) Corp. is a wholly-owned subsidiary of Wistron Corp.

14.      On information and belief, the Defendants identified in paragraphs 11-13 above (collectively, "Wistron") are an interrelated group of companies which together comprise one of the world's largest manufacturers of televisions, including for Vizio.

15.      On information and belief, Vizio, Inc. is a corporation organized under the laws of California with its principal place of business at 39 Tesla, Irvine, California 92618, and with a registered agent at 1701 Directors Blvd, Suite 300, Austin, Texas 78744. Vizio is a leading seller of televisions in the United States.

## JURISDICTION AND VENUE

16.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17.      This Court has personal jurisdiction over TPV, Hon Hai, Wistron, and Vizio

because, *inter alia,* upon information and belief, (i) Defendants TPV, Hon Hai, Wistron, and Vizio have done and continue to do business in Texas; (ii) Defendants TPV, Hon Hai, and Vizio have committed and continue to commit acts of patent infringement in the State of Texas, including by making, using, offering to sell, and/or selling accused products in Texas, and/or importing accused products into Texas, including by Internet sales and sales via retail and wholesale stores, and/or inducing others to commit acts of patent infringement in this district; and (iii) Defendants TPV, Hon Hai, Wistron, and Vizio are registered to do business in Texas. In addition, or in the alternative, this Court has personal jurisdiction over the TPV, Hon Hai, and Wistron Defendants pursuant to Fed. R. Civ. P. 4(k)(2).

18.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because, *inter alia*, upon information and belief, (i) Defendants TPV, Hon Hai, Wistron, and Vizio have done and continue to do business in this district; (ii) Defendants TPV, Hon Hai, Wistron, and Vizio have committed and continue to commit acts of patent infringement in this district, including making, using, offering to sell, and/or selling accused products in this district, and/or importing accused products into this district, including by internet sales and sales via retail and wholesale stores, and/or inducing others to commit acts of patent infringement in this district; (iii) the TPV, Hon Hai, and Wistron Defendants are foreign entities; and (iv) this judicial district is familiar with the technology of the Patents-in-Suit, having presided over several lawsuits involving patents from the same patent family.

## SINGLE ACTION

19.     Each of the TPV, Hon Hai, and Wistron Defendants designs, manufactures, and assembles the products accused in this suit, *i.e.*, Vizio Digital Televisions which process certain signals that comply with the ATSC standard.   Each of the TPV, Hon Hai, and Wistron

Defendants makes, imports, offers to sell, and sells those televisions in the United States, including in the State of Texas generally and this judicial district in particular.  In addition, each of the TPV, Hon Hai, and Wistron Defendants has created a well-established distribution chain for the accused televisions, and that distribution chain delivers those products into the United States, including the State of Texas generally and this judicial district in particular.  Furthermore, the TPV, Hon Hai, and Wistron Defendants know, expect, and intend that by selling televisions designed for use in the U.S. market, some of those products will be sold in the State of Texas, including in this judicial district.

20.     Vizio designs and specifies televisions for sale and use in the United States. Vizio imports, offers for sale, and sells the accused televisions in the United States, including in the State of Texas generally and this judicial district in particular.  Vizio has created a well-established distribution chain for its televisions, and that distribution chain (which includes the TPV, Hon Hai, and Wistron Defendants) delivers those products into the United States, including the State of Texas generally and this judicial district in particular.  Furthermore, Vizio knows, expects, and intends that by selling televisions designed for use in the U.S. market, some of those products will be sold in the State of Texas, including in this judicial district.

21.     The six TPV Defendants identified in paragraphs 3-8 above operate as a unitary business venture and are jointly and severally liable for patent infringement relating to the televisions made, imported, offered for sale, sold, or used in the United States by any one of them.   PMC's right to relief against each of these six Defendants arises out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing, offering for sale, and sale of the same accused television products in the United States.  Additionally, questions of fact common to all six of these Defendants will arise in this

action, including whether these television products infringe the asserted patents.   Therefore, joinder of these TPV Defendants is proper under 35 U.S.C. § 299.

22.      In addition, TPV manufactures and imports into the United States and sells certain accused televisions to Vizio.  In turn, Vizio offers to sell and sells these same accused televisions in the United States under its own brand name.  TPV and Vizio are thus jointly and severally liable for patent infringement relating to at least these accused televisions.  Further, on information and belief, TPV has contractually indemnified and agreed to defend Vizio against claims of patent infringement, such as those alleged herein, brought against Vizio for TPV supplied televisions.  PMC's right to relief arises out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing, offering for sale, and selling of these accused television products in the United States by TPV and Vizio.

23.      Hon Hai manufactures and imports into the United States and sells certain accused televisions to Vizio.  In turn, Vizio offers to sell and sells these same accused televisions in the United States under its own brand name.  Hon Hai and Vizio are jointly and severally liable for patent infringement relating to at least these accused televisions.   Further, on information and belief, Hon Hai has contractually indemnified and agreed to defend Vizio against claims of patent infringement, such as those alleged herein, brought against Vizio for Hon Hai supplied televisions.   PMC's right to relief arises out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing, offering for sale, and selling of these accused television products in the United States by Hon Hai and Vizio.

24.      The three Wistron Defendants identified in paragraphs 11-13 above operate as a unitary business venture and are jointly and severally liable for patent infringement relating to

the televisions made, imported, offered for sale, sold, or used in the United States by any one of them.  PMC's right to relief against each of these three Defendants arises out of the same transaction, occurrence, or series of transactions or occurrences relating to the importing, offering for sale, and sale of the same accused television products in the United States. Additionally, questions of fact common to all three of these Defendants will arise in this action, including whether these accused television products infringe the asserted patents.   Therefore, joinder of these three Defendants is proper under 35 U.S.C. § 299.

25.   In addition, Wistron manufactures and imports into the United States and sells certain accused televisions to Vizio.  In turn, Vizio offers to sell and sells these same accused televisions in the United States under its own brand name.  Wistron and Vizio are jointly and severally liable for patent infringement relating to at least these accused televisions.  Further, on information and belief, Wistron has contractually indemnified and agreed to defend Vizio against claims of patent infringement, such as those alleged herein, brought against Vizio for Wistron supplied televisions.  PMC's right to relief arises out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing, offering for sale, and selling of these accused television products in the United States by Wistron and Vizio.

26.   Based on the allegations in paragraphs 19-25 above, PMC's right to relief is asserted against all the Defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing, offering for sale, or selling of the accused televisions, manufactured at Vizio's direction and pursuant to Vizio's instructions.   Questions of fact common to all Defendants will arise in the action, such as whether the accused televisions, manufactured, assembled, imported, offered for sale, and sold by TPV, Hon Hai, and/or Wistron,

8

and then sold by Vizio, infringe the asserted patents.  Therefore, joinder of all of the Defendants is proper under 35 U.S.C. § 299.  *See NFC Tech., LLC v. HTC Am.*, Case No. 2:13-cv-1058-JRG, 2014 U.S. Dist. LEXIS 105230, *7-8 (E.D. Tex. Aug. 1, 2014) (finding joinder to be proper where defendants manufactured different handsets making use of a common component alleged to infringe plaintiff's patents).

## **PATENTS-IN-SUIT**

27.     On June 29, 2010, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,747,217 (the "'217 Patent"), entitled "Signal Processing Apparatus And Methods," based upon an application filed by inventors John Christopher Harvey and James William Cuddihy.  A true and correct copy of the '217 Patent is attached hereto as Exhibit A.

28.     On July 6, 2010, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,752,649 (the "'649 Patent"), entitled "Signal Processing Apparatus And Methods," based upon an application filed by inventors John Christopher Harvey and James William Cuddihy.  A true and correct copy of the '649 Patent is attached hereto as Exhibit B.

29.     On July 6, 2010, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,752,650 (the "'650 Patent"), entitled "Signal Processing Apparatus And Methods," based upon an application filed by inventors John Christopher Harvey and James William Cuddihy.  A true and correct copy of the '650 Patent is attached hereto as Exhibit C.

30.     On December 21, 2010, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,856,649 (the "6'649 Patent"), entitled "Signal Processing Apparatus And Methods," based upon an application filed by inventors John Christopher Harvey

and James William Cuddihy.  A true and correct copy of the 6'649 Patent is attached hereto as Exhibit D.

31.     On March 18, 2014, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 8,675,775 (the "'775 Patent"), entitled "Signal Processing Apparatus And Methods," based upon an application filed by inventors John Christopher Harvey and James William Cuddihy.  A true and correct copy of the '775 Patent is attached hereto as Exhibit E.

32.     On April 29, 2014, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 8,711,885 (the "'885 Patent"), entitled "Signal Processing Apparatus And Methods," based upon an application filed by inventors John Christopher Harvey and James William Cuddihy.  A true and correct copy of the '885 Patent is attached hereto as Exhibit F.

33.     The Patents-in-Suit generally relate to methods and systems for digital signal processing.

34.     PMC owns all right, title, and interest in and to the Patents-in-Suit and possesses all rights of recovery.

**FACTUAL ALLEGATIONS**

**The Company**

35.     PMC is a family-run company that was founded by inventor John Harvey.  PMC's Chairman, along with his co-inventor James Cuddihy, made numerous inventions in the early 1980s (collectively referred to hereinafter as "the Harvey Inventions") which have been the basis for nearly 100 patents.

36.     PMC is operated out of Sugar Land, Texas, and its intellectual property commercialization and licensing activities have created jobs, including the employment of a number of engineers and technical specialists, as well as management and counsel.

37.     PMC owns a ground-breaking portfolio of intellectual property that covers, among other things, the use of control and information signals in electronic media content to process the content and generate output that is personalized and relevant to a user and the application of novel content protection techniques to protect against piracy.   PMC's patents also disclose and claim apparatus and processes that allow for content to be transmitted by a content provider in a highly flexible manner where the content and control signals can be varied in their timing, location, and/or composition.

38.     PMC attempted to commercialize the technology of the Harvey Inventions through internal development.   For example, between 1989 and 1992 the company developed and publicly disclosed a prototype that demonstrated, using television as a model, many of the personalization concepts and access control concepts of PMC's patented technology.

39.     The company also sought to partner with established companies to realize the vision of the patents by jointly developing, marketing, and manufacturing commercial embodiments of the PMC technology.   In the 1990s, PMC and its predecessor, Personalized Mass Media Corporation, made multiple attempts to market the Harvey Inventions by contacting a number of large technology companies.   PMC entered into agreements with industry leaders, including General Electric, to explore the possibilities of the technology, and also contracted with Sarnoff Labs to develop software implementing features of the Harvey Inventions and demonstrating the potential of the technology.

40.     Most of these established firms eventually declined to pursue the Harvey Inventions.  A few firms, however, including Starsight and Gemstar, eventually became some of the first licensees to PMC's patent portfolio.

41.     Since those early years, the Harvey Inventions have received significant industry recognition, including being licensed by some of the most respected companies in the world. Numerous media and telecommunications companies use PMC's technology, including providers of electronic media content that is personalized and relevant to a particular user, providers of devices to deliver that content to users, and providers of the networks that deliver the content.  Current licensees of PMC's patented technology include Sony, Motorola, Sharp, Panasonic, DirecTV, DISH Network, EchoStar, The Weather Channel, Gemstar-TV Guide, Cisco, and Arris, among others.

42.     Over the years, PMC has consistently pursued a license-first approach to commercializing its intellectual property.  PMC considers litigation to be a last resort, employed only after it is apparent that a commercially reasonable license is unobtainable through negotiations.  Indeed, the present action was commenced only after a lengthy series of licensing discussions with Vizio failed to produce a commercially reasonable licensing offer.

43.     PMC has only litigated its own patents.  PMC has never sought to litigate or otherwise enforce a patent purchased from a third party.  The patented inventions that PMC seeks to enforce in this case, and in every other case PMC has been forced to initiate, are the fruits of PMC's inventors, John Harvey and James Cuddihy.

44.     Indeed, PMC has been involved in only seven litigations in its twenty year licensing program.  Simply put, suing numerous companies for small amounts is not and has never been PMC's business model.

12

**Defendants and the Accused Products**

45.     According to Vizio's own SEC filing, although "all of [its] products are designed in California, [it] currently outsource[s] manufacturing to a diversified base of manufacturers including Hon Hai Precision Industry Co., Ltd. (Foxconn), Wistron, TPV, and AmTRAN, which purchase components and assemble [Vizio's] televisions and other entertainment products in facilities in China and Mexico."  Vizio Inc. Form S-1 filed on July 24, 2015 at 107.  A true and correct copy of the relevant excerpts from Vizio's Form S-1 is attached as Exhibit G.  Vizio's "[t]elevisions, sound bars and accessories are typically manufactured and packaged for retail sale and shipped via ocean freighter from [its] manufacturers in China and by trucks from [its] manufacturers in Mexico to logistics hubs. . . . [Vizio] typically take[s] ownership of the products directly from these logistics hubs[.]"  *Id.* at 108.

46.     Because TPV, Hon Hai, Wistron, and Vizio operate along a manufacturing and distribution chain relating to the accused televisions made, imported, offered for sale, sold, or used in the United States, they are each jointly and severally liable for patent infringement by any one of them.  In addition, Vizio discloses that it has "indemnification agreements with [its] manufacturers" in place and that "[h]istorically, [it] ha[s] been contractually indemnified and reimbursed by [its] manufacturers for most intellectual property royalty obligations."  *Id.* at 76, 81.  For this additional reason, joinder of the Defendants in this action would be appropriate under 35 U.S.C. § 299.

47.     As referred to in this Complaint, and consistent with 35 U.S.C. § 100(c), the "United States" means "the United States of America, its territories and possessions."

48.     Upon information and belief, including based on products identified on Defendants' websites and described in Defendants' manuals, Defendants TPV, Hon Hai,

13

Wistron, and Vizio make, use, offer to sell, and/or sell in the United States, and/or import into the United States products made in accordance with the Patents-in-Suit, including, but not limited to, Vizio Digital Televisions.

49.     Upon information and belief, TPV, Hon Hai, Wistron and Vizio actively and knowingly direct, cause, induce and encourage others, including, but not limited to, their designers, manufacturers, suppliers, distributors, resellers, audio and video integrators and consultants, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, products made in accordance with the Patents-in-Suit, by, among other things, providing instructions, manuals, and technical assistance relating to the installation, set up, use, operation, and maintenance of Vizio Digital Televisions.

50.     An exemplary, but not exhaustive, list of Vizio Digital Televisions made in accordance with the Patents-in-Suit is attached as Exhibit H hereto.

**Notice of Infringement**

51.     Beginning on October 12, 2012, and in meetings and discussions in 2013 and 2014, PMC provided representatives of Vizio with notice of the '217, '649, '650, and 6'649 Patents and of the infringement of those patents by Vizio Digital Televisions.

52.     The TPV, Hon Hai, and Wistron Defendants had notice of the Patents-in-Suit and of the infringement of those patents by Vizio Digital Televisions at least as of the time of the filing of the complaint.

53.     In view of the above, each Defendant knew of the existence of each of the Patents-in-Suit, and of its infringement thereof.

## COUNT I:  INFRINGEMENT OF THE '217 PATENT

54.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

55.     Upon information and belief, TPV, Hon Hai, Wistron, and Vizio have infringed at least claim 38 of the '217 Patent pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States Vizio Digital Televisions, including, but not limited to, the Vizio Digital Televisions identified in Exhibit H hereto.  Upon information and belief, TPV, Hon Hai, Wistron, and Vizio's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

56.     Upon information and belief, since having notice of the Patents-in-Suit, TPV, Hon Hai, Wistron, and Vizio have induced infringement of one or more claims of the '217 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, their designers, manufacturers, suppliers, distributors, resellers, audio and video integrators and consultants, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, Vizio Digital Televisions made in accordance with the '217 Patent, including, but not limited to, the Vizio Digital Televisions identified in Exhibit H hereto, by, among other things, providing instructions, manuals, and technical assistance relating to the installation, set up, use, operation, and maintenance of said Vizio Digital Televisions.  Upon information and belief, TPV, Hon Hai, Wistron, and Vizio's inducement of infringement pursuant to 35 U.S.C. § 271(b) is ongoing.

57.     Upon information and belief, TPV, Hon Hai, Wistron, and Vizio have committed the foregoing infringing activities without license from PMC and with notice of the '217 Patent.

58.     Vizio knew the '217 Patent existed while committing the foregoing infringing acts, thereby willfully, wantonly and deliberately infringing the '217 Patent.  PMC's damages should be trebled pursuant to 35 U.S.C. § 284 because of Vizio's willful infringement of the '217 Patent.

59.     The acts of infringement by Vizio has been with the knowledge of the '217 Patent and are willful, wanton and deliberate, thus rendering this action "exceptional" within the meaning of 35 U.S.C. § 285 and entitling PMC to its reasonable attorney's fees and litigation expenses.

60.     The acts of infringement by TPV, Hon Hai, Wistron, and Vizio will continue unless enjoined by this Court.

61.     PMC has been and will continue to be irreparably harmed and damaged by TPV, Hon Hai, Wistron, and Vizio's acts of infringement of the '217 Patent and has no adequate remedy at law.

## COUNT II:  INFRINGEMENT OF THE '649 PATENT

62.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

63.     Upon information and belief, TPV, Hon Hai, Wistron, and Vizio have infringed at least claim 1 of the '649 Patent pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States Vizio Digital Televisions, including, but not limited to, the Vizio Digital Televisions identified in Exhibit H hereto.  Upon information and belief, TPV, Hon Hai, Wistron, and Vizio's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

64.     Upon information and belief, since having notice of the Patents-in-Suit, TPV, Hon Hai, Wistron, and Vizio have induced infringement of one or more claims of the '649 Patent

16

pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, their designers, manufacturers, suppliers, distributors, resellers, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States Vizio Digital Televisions made in accordance with the '649 Patent, including, but not limited to, the Vizio Digital Televisions identified in Exhibit H hereto, by, among other things, providing instructions, manuals, and technical assistance relating to the installation, set up, use, operation, and maintenance of said Vizio Digital Televisions.  Upon information and belief, TPV, Hon Hai, Wistron, and Vizio's inducement of infringement pursuant to 35 U.S.C. § 271(b) is ongoing.

65.     Upon information and belief, TPV, Hon Hai, Wistron, and Vizio have committed the foregoing infringing activities without license from PMC and with notice of the '649 Patent.

66.     Vizio knew the '649 Patent existed while committing the foregoing infringing acts, thereby willfully, wantonly and deliberately infringing the '649 Patent.  PMC's damages should be trebled pursuant to 35 U.S.C. § 284 because of Vizio's willful infringement of the '649 Patent.

67.     The acts of infringement by Vizio has been with the knowledge of the '649 Patent and are willful, wanton and deliberate, thus rendering this action "exceptional" within the meaning of 35 U.S.C. § 285 and entitling PMC to its reasonable attorney's fees and litigation expenses.

68.     The acts of infringement by TPV, Hon Hai, Wistron, and Vizio will continue unless enjoined by this Court.

69.     PMC has been and will continue to be irreparably harmed and damaged by TPV, Hon Hai, Wistron, and Vizio's acts of infringement of the '649 Patent and has no adequate

remedy at law.

## COUNT III:  INFRINGEMENT OF THE '650 PATENT

70.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

71.     Upon information and belief, TPV, Hon Hai, Wistron, and Vizio have infringed at least claim 18 of the '650 Patent pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States Vizio Digital Televisions, including, but not limited to, the Vizio Digital Televisions identified in Exhibit H hereto.  Upon information and belief, TPV, Hon Hai, Wistron, and Vizio's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

72.     Upon information and belief, since having notice of the Patents-in-Suit, TPV, Hon Hai, Wistron, and Vizio have induced infringement of one or more claims of the '650 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, their designers, manufacturers, suppliers, distributors, resellers, audio and video integrators and consultants, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, Vizio Digital Televisions made in accordance with the '650 Patent, including, but not limited to, the Vizio Digital Televisions identified in Exhibit H hereto, by, among other things, providing instructions, manuals, and technical assistance relating to the installation, set up, use, operation, and maintenance of said Vizio Digital Televisions.  Upon information and belief, TPV, Hon Hai, Wistron, and Vizio's inducement of infringement pursuant to 35 U.S.C. § 271(b) is ongoing.

73.     Upon information and belief, TPV, Hon Hai, Wistron, and Vizio have committed the foregoing infringing activities without license from PMC and with notice of the '650 Patent.

18

74.     Vizio knew the '650 Patent existed while committing the foregoing infringing acts, thereby willfully, wantonly and deliberately infringing the '650 Patent.  PMC's damages should be trebled pursuant to 35 U.S.C. § 284 because of Vizio's willful infringement of the '650 Patent.

75.     The acts of infringement by Vizio has been with the knowledge of the '650 Patent and are willful, wanton and deliberate, thus rendering this action "exceptional" within the meaning of 35 U.S.C. § 285 and entitling PMC to its reasonable attorney's fees and litigation expenses.

76.     The acts of infringement by TPV, Hon Hai, Wistron, and Vizio will continue unless enjoined by this Court.

77.     PMC has been and will continue to be irreparably harmed and damaged by TPV, Hon Hai, Wistron, and Vizio's acts of infringement of the '650 Patent and has no adequate remedy at law.

## COUNT IV:  INFRINGEMENT OF THE 6'649 PATENT

78.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

79.     Upon information and belief, TPV, Hon Hai, Wistron, and Vizio have infringed at least claim 9 of the 6'649 Patent pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States Vizio Digital Televisions, including, but not limited to, the Vizio Digital Televisions identified in Exhibit H hereto.  Upon information and belief, TPV, Hon Hai, Wistron, and Vizio's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

80.     Upon information and belief, TPV, since having notice of the Patents-in-Suit, Hon Hai, Wistron, and Vizio have induced infringement of one or more claims of the 6'649 Patent

pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, their designers, manufacturers, suppliers, distributors, resellers, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, Vizio Digital Televisions made in accordance with the 6'649 Patent, including, but not limited to, the Vizio Digital Televisions identified in Exhibit H hereto, by, among other things, providing instructions, manuals, and technical assistance relating to the installation, set up, use, operation, and maintenance of said Vizio Digital Televisions.  Upon information and belief, TPV, Hon Hai, Wistron, and Vizio's inducement of infringement pursuant to 35 U.S.C. § 271(b) is ongoing.

81.     Upon information and belief, TPV, Hon Hai, Wistron, and Vizio have committed the foregoing infringing activities without license from PMC and with notice of the 6'649 Patent.

82.     Vizio knew the 6'649 Patent existed while committing the foregoing infringing acts, thereby willfully, wantonly and deliberately infringing the 6'649 Patent.  PMC's damages should be trebled pursuant to 35 U.S.C. § 284 because of Vizio's willful infringement of the 6'649 Patent.

83.     The acts of infringement by Vizio has been with the knowledge of the 6'649 Patent and are willful, wanton and deliberate, thus rendering this action "exceptional" within the meaning of 35 U.S.C. § 285 and entitling PMC to its reasonable attorney's fees and litigation expenses.

84.     The acts of infringement by TPV, Hon Hai, Wistron, and Vizio will continue unless enjoined by this Court.

85.     PMC has been and will continue to be irreparably harmed and damaged by TPV, Hon Hai, Wistron, and Vizio's acts of infringement of the 6'649 Patent and has no adequate

remedy at law.

## COUNT V:  INFRINGEMENT OF THE '775 PATENT

86.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

87.     Upon information and belief, TPV, Hon Hai, Wistron, and Vizio have infringed at least claim 2 of the '775 Patent pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States Vizio Digital Televisions, including, but not limited to, the Vizio Digital Televisions identified in Exhibit H hereto.  Upon information and belief, TPV, Hon Hai, Wistron, and Vizio's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

88.     Upon information and belief, since at least the date of this complaint, TPV, Hon Hai, Wistron, and Vizio have induced infringement of one or more claims of the '775 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, their designers, manufacturers, suppliers, distributors, resellers, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, Vizio Digital Televisions made in accordance with the '775 Patent, including, but not limited to, the Vizio Digital Televisions identified in Exhibit H hereto, by, among other things, providing instructions, manuals, and technical assistance relating to the installation, set up, use, operation, and maintenance of said Vizio Digital Televisions.  Upon information and belief, TPV, Hon Hai, Wistron, and Vizio's inducement of infringement pursuant to 35 U.S.C. § 271(b) is ongoing.

89.     Upon information and belief, TPV, Hon Hai, Wistron, and Vizio have committed the foregoing infringing activities without license from PMC and with notice of the '775 Patent.

90.     The acts of infringement by TPV, Hon Hai, Wistron, and Vizio will continue

unless enjoined by this Court.

91.     PMC has been and will continue to be irreparably harmed and damaged by TPV, Hon Hai, Wistron, and Vizio's acts of infringement of the '775 Patent and has no adequate remedy at law

## COUNT VI:  INFRINGEMENT OF THE '885 PATENT

92.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

93.     Upon information and belief, TPV, Hon Hai, Wistron, and Vizio have infringed at least claim 1 of the '885 Patent pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States Vizio Digital Televisions, including, but not limited to, the Vizio Digital Televisions identified in Exhibit H hereto.   Upon information and belief, TPV, Hon Hai, Wistron, and Vizio's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

94.     Upon information and belief, since at least the date of this complaint, TPV, Hon Hai, Wistron, and Vizio have induced infringement of one or more claims of the '885 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, their designers, manufacturers, suppliers, distributors, resellers, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, Vizio Digital Televisions made in accordance with the '885 Patent, including, but not limited to, the Vizio Digital Televisions identified in Exhibit H hereto, by, among other things, providing instructions, manuals, and technical assistance relating to the installation, set up, use, operation, and maintenance of said Vizio Digital Televisions.  Upon information and belief, TPV, Hon Hai, Wistron, and Vizio's inducement of infringement pursuant to 35 U.S.C. § 271(b) is ongoing.

95.     Upon information and belief, TPV, Hon Hai, Wistron, and Vizio have committed the foregoing infringing activities without license from PMC and with notice of the '885 Patent.

96.     The acts of infringement by TPV, Hon Hai, Wistron, and Vizio will continue unless enjoined by this Court.

97.     PMC has been and will continue to be irreparably harmed and damaged by TPV, Hon Hai, Wistron, and Vizio's acts of infringement of the '885 Patent and has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, PMC prays for judgment in its favor against TPV, Hon Hai, Wistron, and Vizio granting PMC the following relief:

A.     Entry of judgment in favor of PMC and against TPV, Hon Hai, Wistron, and Vizio on all counts;

B.     Entry of judgment that TPV, Hon Hai, Wistron, and Vizio have infringed the Patents-in-Suit;

C.     Entry of judgment that Vizio's infringement of the '217, '649, '650, and 6'649 Patents has been willful;

D.     An order permanently enjoining TPV, Hon Hai, Wistron, and Vizio, together with their officers, directors, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them, from infringing the Patents-in-Suit;

E.     Award of compensatory damages adequate to compensate PMC for TPV, Hon Hai, Wistron, and Vizio's infringement of the Patents-in-Suit, in no event less than a reasonable royalty trebled as provided by 35 U.S.C. § 284;

F.     PMC's reasonable fees for expert witnesses and attorneys, as provided by 35

U.S.C. § 285;

G.      PMC's costs;

H.      Pre-judgment and post-judgment interest on PMC's award; and

I.      All such other and further relief as the Court deems just or equitable.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Fed. R. Civ. P., PMC hereby demands trial by jury in this action of all claims so triable.

Dated:  October 23, 2015                    Respectfully submitted,


By:  /s/ S. Calvin Capshaw
     Joseph S. Grinstein
     Texas State Bar No. 24002188
     SUSMAN GODFREY L.L.P.
     1000 Louisiana, Suite 5100
     Houston, TX 77002-5096
     Telephone: (713) 653-7820
     jgrinstein@susmangodfrey.com

     Arun Subramanian
     (*Application for admission pending*)
     New York State Bar No. 4611869
     SUSMAN GODFREY L.L.P.
     560 Lexington Avenue, 15th Floor
     New York, NY 10022-6828
     Telephone:  (212) 471-8346
     asubramanian@susmangodfrey.com

     Meng Xi
     (*Application for admission pending*)
     California State Bar No. 280099
     SUSMAN GODFREY L.L.P.
     1901 Avenue of the Stars, Suite 950
     Los Angeles, CA 90067-6029
     Telephone: (310) 789-3158
     mxi@susmangodfrey.com

     Dmitry Kheyfits
     New York State Bar No. 4743795

KHEYFITS & MALONEY LLP
1140 Avenue of the Americas, 9th Floor
New York, NY 10036
Telephone:  (212) 203-5399
dkheyfits@kheyfitsmaloney.com

S. Calvin Capshaw
Texas Bar No. 03783900
CAPSHAW DERIEUX LLP
114 E. Commerce Avenue
Gladewater, TX 75647
Telephone:  (903) 233-4826
ccapshaw@capshawlaw.com

*Attorneys for Personalized Media
Communications, LLC.*